IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARL D. BALDWIN, JR., and<br>TROI BALDWIN, | )<br>) | CIVIL ACTION NO. |
| Plaintiffs, | )<br>)<br>) | |
| v. | )<br>) | |
| CITY OF PITTSBURGH,<br>a municipal corporation,<br>JOHN DOE, in his<br>individual and official capacities,<br>ADDITIONAL DOE DEFENDANTS<br>unknown in name or number<br>in their individual and official capacities,<br>and UPMC MERCY, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Jury Trial Demanded |
| Defendants. | )<br>) | *Electronically filed.* |

COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, EARL D. BALDWIN, JR, and TROI BALDWIN, by and through their attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, and MASSIMO A. TERZIGNI, ESQUIRE, and hereby file this Complaint in Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendants for violating the Plaintiffs' rights under the First, Fourth, Fifth, Ninth and Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and 1343(3). Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under Counts III, IV and V.

4. Venue is proper as all claims set forth herein arose in the Western District of Pennsylvania and the Plaintiffs reside in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Earl D. Baldwin, Jr., is an adult male resident of the Commonwealth of Pennsylvania residing in Allegheny County, Pennsylvania.

6. Plaintiff, Troi Baldwin, is an adult female resident of the Commonwealth of Pennsylvania, residing in Allegheny County, Pennsylvania.

7. Defendant, City of Pittsburgh ("Pittsburgh"), is a Pennsylvania municipal corporation with administrative offices located at 414 Grant Street, Fifth Floor, Room 512, Pittsburgh, Pennsylvania 15219, and at all times relevant to this Complaint, acted by and through its officials. The City of Pittsburgh Bureau of Police is a division of Defendant City of Pittsburgh empowered to create and enforce municipal policy, including but not limited to use of force.

8. Defendant, John Doe ("Doe"), was at all times relevant to this Complaint, an employee of the City of Pittsburgh Bureau of Police. Defendant Doe participated in the illegal acts described hereinafter below. Additional John Doe Defendants, unknown in name and number ("additional Doe Defendants"), participated in the alleged acts described hereinbefore above.

9. Defendant, UPMC Mercy ("UPMC"), is a medical facility duly incorporated and existing under the law of the Commonwealth of Pennsylvania with its principal place of business located at 1400 Locust Street, Pittsburgh, Pennsylvania 15219.

10. At all times relevant hereto, Defendant UPMC was acting through its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their respective agency, office, employment or assignment.

### FACTUAL ALLEGATIONS

11. Plaintiff, Earl Baldwin, is an African-American male. Plaintiff, Troi Baldwin, is an African-American female.

12. On June 24, 2012, Plaintiffs, Earl Baldwin and Troi Baldwin, were notified that their twenty-three-year-old step-son and son, respectively, Mileek Grissom, had been shot and was seriously injured.

13. Plaintiffs were informed that Mr. Grissom was transported to Defendant UPMC Mercy hospital.

14. Upon arriving at Defendant UPMC, Plaintiffs were informed by an employee of the Defendant that their son was not at the hospital, and that their son was at another area hospital.

15. While enroute to another area hospital, Plaintiff and his wife received a phone call from a family member informing them that their son was in fact at the Defendant hospital.

16. When Plaintiffs arrived at Defendant UPMC for the second time, an employee of the Defendant informed them that their son had died.

17.     Plaintiff, Earl Baldwin, was permitted to enter the room where his stepson was located.  After entering the room, Plaintiff, Earl Baldwin, laid his head next to his son to talk to him.  Moments later, for no apparent reason, security personnel at Defendant UPMC and City of Pittsburgh police officers, Defendant Doe, including additional Doe Defendants, attempted to forcibly remove Plaintiff from the room and began to pull Plaintiff away from the bed where his son lay dead.

18.     Plaintiff, Earl Baldwin, held onto his son's hospital bed and said, "Let me just talk to my son."  Defendant Doe then unlawfully used his Taser on Plaintiff.  Plaintiff was then handcuffed and forcibly ejected from the hospital by Defendant Doe, as well as additional Doe Defendant police officers, unknown in name or number.

19.     During this incident, Plaintiff, Earl Baldwin, did not have a weapon.

20.     During this incident, Plaintiff, Earl Baldwin, did not behave dangerously or pose a threat to the officers and/or citizens of the community.

21.     During this incident, Plaintiff, Earl Baldwin, did not act aggressively towards Defendant Doe, any of the officers or any employees of Defendant UPMC on the scene.

22.     Plaintiff, Earl Baldwin, was never charged with any crimes as a result of this incident.  Furthermore, no reason was ever provided to Plaintiff as to why he needed to leave the room where his son lay dead.

23.     Defendant Doe, and the additional Doe Defendants did not properly remove the Taser prongs and transport Plaintiff to appropriate medical care providers.  Plaintiff was forced to seek medical attention on his own as a result of Defendant Doe's unlawful use of his Taser.

24.     Defendant, City of Pittsburgh, failed to properly supervise and train its officers on the proper circumstances to use a Taser gun and/or the proper procedures as to how to use a Taser gun and/or proper Taser prong removal and transport to medical care facility.

25.     This failure to supervise and/or train its officers has led to numerous incidents of unlawful use of excessive force against citizens in the City of Pittsburgh.

26.     Defendant, City of Pittsburgh, has failed to correct this deficiency.

27.     When Plaintiff, Troi Baldwin, arrived at the Defendant hospital with her husband, Plaintiff, Earl Baldwin, she was prohibited from entering the Defendant hospital by the additional Doe Defendants, unknown in name or number.

28.     The Doe Defendants refused to permit Plaintiff, Troi Baldwin, to enter the area of the hospital where her son lay dead.

29.     No reasonable explanation was given by the additional Doe Defendants for keeping the Plaintiff from her son.

30.     Had the additional Doe Defendants permitted Plaintiff, Troi Baldwin, to visit with her son at the time of her arrival at the hospital, she would have used that opportunity to grieve her child while in the presence of his body.

31.     The failure of the additional Doe Defendants to permit the Plaintiff to visit her son's body as described above, caused Plaintiff, Troi Baldwin, great anguish, sadness, anger and anxiety.

32.     At some later point, the additional Doe Defendants ultimately relented and permitted Plaintiff, Troi Baldwin, to enter the Defendant hospital for the purpose of visiting the body of her dead son.  At that time, for no good or appropriate reason and without explanation, employees of the Defendant hospital, unknown in name or number,

deliberately and forcibly prevented Plaintiff, Troi Baldwin, from going to the place where her son's body lay for the purposes described above.  The actions of the employees of the Defendant hospital caused Plaintiff, Troi Baldwin, great anguish, sadness, anger and anxiety.

COUNT I:

PLAINTIFF, EARL BALDWIN and PLAINTIFF, TROI BALDWIN, v.
CITY OF PITTSBURGH, JOHN DOE and ADDITIONAL DOE DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, U.S.C. §1983, THE FIRST, FOURTH, FIFTH, NINTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, PENUMBRAL RIGHTS OF PRIVACY AND REPOSE / INVASION OF ZONE OF PRIVACY

33.    Plaintiffs incorporate by reference Paragraphs 1 through 32 as though fully set forth at length herein.

34.    The conduct by Defendant John Doe and the additional Doe Defendants described hereinbefore above in preventing the Plaintiffs from being in the presence of their dead son prevented the Plaintiffs from properly grieving the death of their son.

35.    Therefore, the actions of the Defendants, and each of them, as aforementioned, violated the Plaintiff's constitutional rights under the First, Fourth, Fifth, Ninth and Fourteenth amendments to the United States Constitution.  The Plaintiffs' right to privacy for the purpose of grieving for their dead son are rights protected under the Constitution's Penumbral Rights of Privacy and Repose.  The death of the Plaintiffs' son created a zone of privacy in the Plaintiffs.  The Plaintiffs' right of privacy at this time is one of the privacy's of life protected by the aforementioned amendments to the United States Constitution.

36.     The actions of the Defendants, and each of them, as aforementioned, invaded the realm of Plaintiffs' personal liberty that the government is prohibited from entering by the aforementioned constitutional provisions.

      a.  The constitutional violations described above have caused the Plaintiffs, and each of them, to suffer mental and emotional distress as a result of the actions of the Defendants as aforementioned.  The injuries to the Plaintiffs described above are permanent in nature.  Plaintiffs will suffer from these injuries for an indefinite time into the future.

37.     At all times relevant hereto, Defendants acted willfully and with deliberate indifference to the Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

WHEREFORE, for all of the above reasons the Plaintiffs, Earl D. Baldwin, Jr., and Troi Baldwin, demand judgment against Defendants John Doe, the additional Doe Defendants and City of Pittsburgh, jointly and severally, in an amount together with compensatory, economic and non-economic and punitive damages and in excess of Seventy Five Thousand ($75,000.00) Dollars, attorneys' fees and costs of suit.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF, EARL BALDWIN, v. CITY OF PITTSBURGH, JOHN DOE and ADDITIONAL DOE DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, U.S.C. §1983, THE FOURTH AND FOURTEENTH <u>AMENDMENTS OF THE UNITED STATES CONSTITUTION</u>

38.     Plaintiffs incorporate by reference Paragraphs 1 through 37 as though fully set

forth at length herein.

39.Plaintiff, Earl Baldwin, claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants City of Pittsburgh, John Doe and the additional Doe Defendants for violation of Plaintiff's constitutional rights under color of law.

40.At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, the Plaintiff had a right to be free from an unreasonable seizure of his person and/or the use of excessive force against his person.

41.As stated herein, the excessive force used by Defendant Doe, as well as the conduct of the additional Doe Defendants described above, constitutes a denial of the equal protection of the laws and/or equal privileges and immunities under the law, and, therefore, constitutes a violation of the Plaintiff's rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

42.As stated herein, the assault and seizure by Defendant Doe, as well as the conduct of the additional Doe Defendants described above, were an unreasonable deprivation of the Plaintiff's life and liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43.As stated herein, the violations of the Plaintiff's Fourth and Fourteenth Amendment rights by the Doe Defendants, acting under the color of state law, were in accordance with the customs, policies and practices of deliberate indifference of Defendant City of Pittsburgh toward the Plaintiff's constitutional rights.

44.The conduct the Defendants, acting in reckless disregard and deliberate indifference as aforementioned, deprived the Plaintiff of the following rights, privileges

and immunities secured to him by the Constitution of the United States:

    a.    The right of the Plaintiff to be free from unreasonable interference by the police as guaranteed under the Fourth Amendment to the Constitution of the United States;

    b.    The right of the Plaintiff to be free from unlawful detention, arrest, assault and excessive use of force by the Defendants as guaranteed under the Fourth Amendment to the Constitution of the United States; and

    c.    The right of the Plaintiff not to be deprived of life or liberty without due process of law and the right to equal protection and/or equal privileges and immunities under the law secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

45. By reason of the aforesaid conduct, the Plaintiff's civil rights as guaranteed under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983 were violated.

46. At all times relevant hereto, pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, the Doe Defendants, and each of them, had a duty, and/or was required to avoid the use of unnecessary, unreasonable, excessive force against the Plaintiff, which duty was deliberately violated by Defendant Doe and the additional Doe Defendants.

47. At no time during the abovementioned events was Plaintiff armed or acting in an aggressive manner toward Defendant Doe, the additional Doe Defendants or anyone else at the scene.

48. These Defendants, and each of them, are liable to the Plaintiff in violation of his constitutional rights as more fully set forth below:

    a.    Plaintiff's right to be free from excessive force was violated when he was physically assaulted by Defendants Doe acting under color of law;

    b.    Plaintiff's rights to life and liberty were violated by the actions of the

         Defendants Doe in unlawfully detaining, arresting and assaulting the Plaintiff;

    c.    The right of Plaintiff to be free from unlawful detention, arrest, assault and excessive use of force by Defendants as guaranteed under the Fourth Amendment to the Constitution of the United States; and

49.    Defendant City of Pittsburgh knew of the conduct to which the Plaintiff was subjected and condoned and participated in such illegal conduct.

50.    As alleged herein, the established customs, practice, patterns and official policies and procedures or lack thereof of Defendant City of Pittsburgh constitutes a substantial risk of constitutional deprivation and as a direct and proximate result of which the Plaintiff has sustained the following injuries and damages:

    a.    physical injuries and trauma;

    b.    severe mental and emotional distress as a result of being assaulted and detained by Defendant Doe and the additional Doe Defendants;

    c.    Plaintiff has been forced to incur medical expenses;

    d.    Plaintiff has been forced to incur attorneys' fees and costs;

    e.    Plaintiff was deprived of having time with his son after his death; and

    f.    Plaintiff has incurred other injuries and damages which may become apparent throughout this litigation.

51.    At all times relevant hereto, Defendants acted willfully and with deliberate indifference to the Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

    WHEREFORE, for all of the above reasons the Plaintiff, Earl D. Baldwin, Jr., demands judgment against Defendants John Doe, the additional Doe Defendants and City of Pittsburgh, jointly and severally, in an amount together with compensatory, economic and non-economic and punitive damages and in excess of Seventy Five Thousand

($75,000.00) Dollars, attorneys' fees and costs of suit.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF, EARL BALDWIN, v. UPMC MERCY, JOHN DOE
and ADDITIONAL DOE DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiffs incorporate by reference Paragraphs 1 through 51 as though fully set forth at length herein.

53. The actions of Defendant Doe in intentionally assaulting the Plaintiff and electrocuting the Plaintiff when he knew that Plaintiff posed no threat to Defendant Doe or anyone else at the scene, as well as the actions of the additional Doe Defendants, were:

    a. intentional;

    b. extreme;

    c. outrageous;

    d. without privilege; and

    e. without justification.

54. The actions of Defendant UPMC, its employees, agents and/or assigns in depriving Plaintiff time with his son after his untimely death and aiding Defendant Doe in his assault of the Plaintiff, were:

    a. intentional;

    b. extreme;

    c. outrageous;

    d. without privilege; and

      e.      without justification.

55.    Plaintiff's emotional distress, proximately caused by the conduct of Defendant UPMC, its employees, agents and/or assigns, Defendant Doe and the additional Doe Defendants, as aforementioned, was foreseeable and certain.  Furthermore, the Defendants intentionally or recklessly deprived Plaintiff of time with his son after his death.

56.    The actions of Defendant UPMC, its employees, agents and/or assigns, Defendant Doe and the additional Doe Defendants were willful, deliberate and the acts of the Defendants were done with a reckless disregard for the rights of the Plaintiff with the intent and purpose to injure and/or damage the Plaintiff's well being.

    WHEREFORE, for all of the above reasons the Plaintiff, Earl D. Baldwin, Jr., demands judgment against Defendants UPMC Mercy, John Doe and the additional Doe Defendants, jointly and severally, in an amount together with compensatory, economic and non-economic and punitive damages and in excess of Seventy Five Thousand ($75,000.00) Dollars, attorneys' fees and costs of suit.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF, EARL BALDWIN, v. UPMC MERCY, JOHN DOE and
ADDITIONAL DOE DEFENDANTS

<u>ASSAULT AND BATTERY</u>

57.    Plaintiffs incorporate by reference Paragraphs 1 through 56 as though fully set forth at length herein.

58.    As described above, Defendant Doe did unlawfully and intentionally touch,

assault and commit a battery upon the person of the Plaintiff by shooting the Plaintiff with a Taser, knocking him to the ground and placing him in restraints while he was down on the ground.

59. Furthermore, Defendant UPMC's employees, agents or assigns did touch, assault and commit a battery upon the person of the Plaintiff, when they aided Defendant Doe in pulling Plaintiff away from the bed where his son lay dead.

60. Defendant Doe and Defendant UPMC's employees knew or should have known that such contact was not permitted and that the Plaintiff did not consent to any such intentional contact.

61. As a direct and proximate result of the acts of Defendant UPMC, its employees, agents and/or assigns and Defendant Doe, Plaintiff has suffered the following injuries and damages:

      a.    physical injuries and trauma;

      b.    severe mental and emotional distress as a result of being assaulted and detained by Defendant Doe;

      c.    Plaintiff has been forced to incur medical expenses;

      d.    Plaintiff has been forced to incur attorneys' fees and costs;

      e.    Plaintiff was deprived of having a moment with his son after his death; and

      f.    Plaintiff has incurred other injuries and damages which may become apparent throughout this litigation.

WHEREFORE, for all of the above reasons the Plaintiff, Earl D. Baldwin, Jr., demands judgment against the Defendants UPMC Mercy, John Doe and the additional Doe Defendants, jointly and severally, in an amount together in an amount together with compensatory, economic and non-economic and punitive damages and in excess of

Seventy Five Thousand ($75,000.00) Dollars, attorneys' fees and costs of suit.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF, TROI BALDWIN, v. UPMC MERCY and
ADDITIONAL DOE DEFENDANTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiffs incorporate by reference Paragraphs 1 through 61 as though fully set forth at length herein.

63. The conduct, as described hereinbefore above, was undertaken, initiated or instituted by the Defendant UPMC, its employees, agents or assigns and the additional Doe Defendants.

64. The actions of Defendant UPMC, its employees, agents and/or assigns and the additional Doe Defendants in depriving Plaintiff time with her son after his untimely death were:

    a. intentional;

    b. extreme;

    c. outrageous;

    d. without privilege; and

    e. without justification.

65. Defendant UPMC and the additional Doe Defendants intended to inflict emotional distress upon Plaintiff, Troi Baldwin, or the Defendants knew or should have known through the use of ordinary caution, that its conduct would result in the emotional distress of the Plaintiff.

66. Plaintiff's emotional distress, proximately caused by the conduct of Defendant UPMC, and the additional Doe Defendants, as aforementioned, was foreseeable and certain.  Furthermore, Defendant UPMC and the additional Doe Defendants intentionally or recklessly deprived Plaintiff of a moment with her son after his untimely death.

67. As a direct and proximate result of the actions of the Defendants, the Plaintiff was injured and damaged as follows:

   A. she was subjected to physical pain and suffering, together with other damages, including but not limited to the following:

      1. severe emotional distress;

      2. various physical maladies, including but not limited to, sleeplessness, depression and irritability;

      3. fright, horror and shock;

      4. emotional trauma and suffering;

      5. economic damages related to any consequential costs; and

      6. deprived of having a moment with her son after his death.

68. The actions of the Defendants were willful and deliberate and taken with a reckless disregard for the rights of the Plaintiff.

WHEREFORE, for all of the above reasons the Plaintiff, Troi Baldwin, demands judgment against Defendant UPMC Mercy and the additional Doe Defendants, jointly and severally, in an amount together with compensatory, economic and non-economic and punitive damages and in excess of Seventy Five Thousand ($75,000.00) Dollars, attorneys' fees and costs of suit.

JURY TRIAL DEMANDED

        Respectfully submitted,

        LAW OFFICES OF JOEL SANSONE

        s/ Joel S. Sansone_____
        PA ID No. 41008
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, Pennsylvania 15222
        412.281.9194

        s/ Massimo A. Terzigni_____
        PA ID No. 317165
        Three Gateway Center, Suite 1700
        401 Liberty Avenue
        Pittsburgh, Pennsylvania 15222
        412.281.9194

Dated: June 24, 2014